1

2

3

4

5

6

7

FILED
CLERK, U.S. DISTRICT COURT

MAR 20 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  DONG H. KWAK,                        )   CASE NO.  CV 13-1528 UA (RZ)
                                         )
12                      Plaintiff,       )
                                         )   ORDER SUMMARILY REMANDING
13          vs.                          )   IMPROPERLY-REMOVED ACTION
                                         )
14  CLAUDIA ZUBIA and DOES 1-5,          )
                                         )
15                      Defendants.      )
    _____)

16

17          The Court will remand this unlawful detainer action to state court because it

18  was removed improperly.

19          On March 4, 2013, Defendant Jose Perea, having been sued in what appears

20  to be a routine unlawful detainer action in California state court, lodged a Notice Of

21  Removal of that action to this Court and also presented an application to proceed *in forma*

22  *pauperis*. (The Court provisionally describes Perea as a "defendant," but he is not sued

23  by name in the underlying action.  As the caption makes clear, the only named defendant

24  is Claudia Zubia.)  The Court has denied the latter application under separate cover

25  because the action was not properly removed.  To prevent the action from remaining in

26  jurisdictional limbo, the Court issues this Order to remand the action to state court.

27          Simply stated, Plaintiff Dong H. Kwak could not have brought this action in

28  federal court in the first place, in that neither diversity jurisdiction nor federal-question

1  jurisdiction exists, and therefore Defendant is not allowed to remove the action. 28 U.S.C.

2  § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct.

3  2611, 162 L.Ed.2d 502 (2005).  The litigants are not diverse in citizenship.  Although

4  Defendant indicates on the Civil Cover Sheet that Plaintiff Kwak is "Incorporated and [has

5  his] Principal Place of Business in Another State," this is faulty for two reasons.  First,

6  Kwak is a natural person, not a corporation. (Defendant left blank the nearby check-boxes

7  provided for indicating the citizenship of natural-person plaintiffs.)  Second, Defendant

8  admits on page 3 of the Notice of Removal that Kwak is a California "entity."  But even

9  if complete diversity of citizenship existed, the amount in controversy in the removed

10  action does not exceed the jurisdictional threshold of $75,000. On the contrary, Plaintiff's

11  unlawful-detainer complaint bears a caption indicating that the amount in controversy does

12  not exceed $10,000. Also, because Defendant resides in the forum state, Defendant cannot

13  properly remove the action, at least to the extent diversity jurisdiction is asserted.  28

14  U.S.C. § 1441(b).

15          Nor does Plaintiff's unlawful detainer action raise any federal legal question.

16  Defendant asserts that Plaintiff has violated numerous federal laws, but that is immaterial.

17  "For better or for worse . . . a defendant may not remove a case to federal court" based on

18  a federal question "unless the *plaintiff's complaint* establishes that the case 'arises under'

19  federal law." *Franchise Tax Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10, 103 S.Ct.

20  2841, 77 L.Ed.2d 420 (1983) (emphasis in original).

21          Finally, even if removal were substantively proper, this particular removal

22  *notice* is invalid because Claudia Zubia, the sole named defendant, did not sign it.  Only

23  Jose Perea did.  28 U.S.C. § 1446(b)(2)(A); *see Hewitt v. City of Stanton*, 798 F.2d 1230,

24  1232 (9th Cir. 1986).

25  ///

26  ///

27  ///

28  ///

1        Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

2 Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction

3 pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to

4 the state court; and (3) that the Clerk serve copies of this Order on the parties.

5        IT IS SO ORDERED.

6

7 DATED: 3/19/13

8

9

10

11                              GEORGE H. KING

                         CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28